598 S.E.2d 277

**In the Matter of Laurie A. BAKER, Respondent.**

No. 25837.

Supreme Court of South Carolina.

Submitted April 26, 2004.

Decided June 21, 2004.

Henry B. Richardson, Jr., and Barbara M. Seymour, both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction within the range of an admonition to a three month definite suspension from the practice of law. *See* Rule 7, RLDE, Rule 413, SCACR. We accept the agreement and definitely suspend respondent from the practice of law in this state for a three month period. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In May 1998, respondent graduated from law school and was admitted to the North Carolina Bar three months later. She was employed by the firm of Forquer & Green in Charlotte, North Carolina. After she was admitted to the South Carolina Bar in August 1998, respondent was assigned to the firm's Rock Hill law office. Respondent was the only licensed attorney working in the Rock Hill office of Forquer & Green.

On September 1, 1999, Forquer & Green merged with the firm of Brock & Scott. In South Carolina, the firm operated

as Green, Brock, Forquer & Scott. At the time of the merger, respondent became an employee of the new law firm and was given a one percent interest in the firm.

With the merger, three non-lawyer employees moved into the Rock Hill office. The three employees included an unlicensed law school graduate (Mr. Brown) and two legal assistants. Respondent supervised all three employees.

While employed at Green, Brock, Forquer & Scott, Mr. Brown conducted real estate closings, both inside and outside of the office, without respondent or another attorney being present. Mr. Brown signed respondent's name on real estate closing documents without indicating he was signing for her. This was done with respondent's knowledge and, in some cases, in her presence.

After conducting real estate closings, it was Mr. Brown's practice to have other firm employees sign as witness and/or notary on the documents even though they were not present at the closings. Mr. Brown also routinely signed as witness and notary to documents related to closings at which he was not present. Respondent was not specifically aware of these practices; however, she admits she was responsible for Mr. Brown's supervision.

From September 1999 until January 2000, respondent and Mr. Brown handled approximately sixty to eighty real estate closings per month. Although respondent represents she had concern, respondent made no meaningful inquiry into the propriety of non-lawyers conducting real estate closings. Respondent did not conduct any legal research, consult with an attorney outside her firm, or seek guidance from the South Carolina Bar concerning the propriety of a non-lawyers conducting real estate closings.

### Matter II

On January 17, 2000, respondent left Green, Brock, Forquer & Scott. As a favor to the firm, however, respondent conducted a real estate closing in Greenville for Complainants A and B. Following the closing, respondent left the closing documents in the firm's Rock Hill office and took no further action in regard to the closing. Where she had failed to sign her name on the closing documents, Mr. Brown signed respon-

dent's name, including on an affidavit and a certification. On one document, Mr. Brown notarized respondent's signature when he had signed her name himself. Mr. Brown signed his own name as witness on the documents even though he was not present when the documents were executed. Mr. Brown notarized Complainant A's and Complainant B's signatures in two places. Some of the documents in the closing file were incomplete or left blank. Mr. Brown completed the documents and filled in the blanks.

When Complainants A and B subsequently attempted to refinance the property, they discovered the mortgage and deed had never been filed. Respondent admits she failed to adequately explain her limited role in connection with the closing. She further admits she failed to ensure the closing documents where appropriately completed and filed.

## *LAW*

Respondent admits that by her misconduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.2 (lawyer may limit objectives of representation with client consent after consultation); Rule 5.3 (lawyer having direct supervisory authority over non-lawyer employee shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; lawyer is responsible for conduct of non-lawyer employee if the conduct would be a violation of the Rules of Professional Conduct if engaged in by a lawyer and lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved); Rule 5.5 (lawyer shall not assist non-lawyer in performance of activity which constitutes unauthorized practice of law); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits her misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(5) (lawyer shall not engage in

conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law) and Rule 7(a)(6) (lawyer shall not violate the oath of office taken upon admission to practice law in this state).

## CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a three month period, effective on the date of this opinion. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.